# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JORGE ALBERTO HERNANDEZ, SYLWIA CIEPLINSKA, DJURAYEVA MUKADDAS,<br>*on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br>Defendant. | Case No.: 3:20-cv-00128-RJC-DSC |

## AGREED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

**1**   **Definitions.**  As used in this protective order:

(a)   "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

(b)   "confidential" means discovery material reasonably designated as confidential under this Protective Order;

(c)   "discovery material" is any information of any kind, whether in documents, testimony, or any other form, provided in the course of this litigation. The person producing any discovery material or portion of discovery material

may designate it as "Confidential" when the discovery material contains non- public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice, including email;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work- product doctrine.

**2      Designating Discovery Material as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the discovery material is "confidential," as defined by this Order.

(b) No party shall designate any discovery material as confidential that he/she has not carefully reviewed;

(c) A party or non-party disclosing or producing discovery material may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information. Any person subject to this Order—including, without limitation, the parties to this

2

action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall not disclose confidential discovery material to anyone else except as expressly permitted by this Order.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

(1) after the deposition, by notifying the parties and those who were present at the deposition within twenty-one days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3  Who May Receive Confidential Discovery Material.**

(a) All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever

3
Case 3:20-cv-00128-RJC-DSC   Document 18   Filed 06/17/20   Page 3 of 11

other than solely for the preparation and trial of this action in accordance with the provisions of this Order. However, nothing in this Paragraph shall limit a party's use of its own documents.

(b) No person receiving confidential discovery material may reveal it, except to:

    (1) the Court and its staff;

    (2) an attorney or an attorney's partner, associate, or staff;

    (3) a person shown on the face of the confidential discovery material to have authored or received it;

    (4) a court reporter or videographer retained in connection with this action;

    (5) a party (subject to paragraph 2(c)); and

    (6) any person and/or company (such as an outside vendor) who is retained to assist a party or attorney with this action and has executed the Acknowledgment of Understanding and Agreement to be Bound attached as Exhibit A.

    (7) Equifax may supplement the "confidential" mark with the words "attorneys' eyes only" for documents that contain information on other consumers that may be considered consumer reports under the FCRA. In any other circumstance, if a party wishes to designate a document as "attorneys' eyes only," it must meet and confer with the other party before making such designation. If the parties are unable to reach agreement, the party that wishes to designate a document as "attorneys' eyes only" must file a motion with the Court for a

4

protective order.

(c) If a party or other person bound by this Order becomes aware that confidential discovery material has been revealed to someone not entitled to receive it, it must promptly notify the party or person that designated the material as confidential and must make reasonable efforts to retrieve it.

4 **Correcting an Error in Designation.** A party or non-party who discloses or produces confidential discovery material not designated as confidential may provide notice of the error and produce a copy of the discovery material designated as confidential at any time prior to the trial of this action.

5 **Use of Confidential Discovery Material in Court.**

(a) A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order. An inadvertent failure to serve a copy of this Protective Order, however, does not constitute sanctionable behavior.

(b) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the Clerk under seal. The parties shall comply with the Court's Local Rule governing filing under seal. This Protective Order, however, does not authorize the filing of any document under seal. Confidential discovery material may be filed only in accordance with the Court's Local Rule

5

governing the filing of sealed documents.

(c) A party intending to present another party's or a non-party's confidential discovery material at a hearing or trial must promptly notify the other party or non-party so that the other party or nonparty may seek relief from the Court.

**6    Changing the Designation of Confidential Discovery Material.**

(a) Document disclosed or produced by a party. Confidential discovery material disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

(b) Document produced by a non-party. Confidential discovery material produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party may challenge a confidentiality designation by providing written notice to the designating party. Such notice shall set forth a good faith basis for the challenge and identify the grounds for the challenge with specificity. The parties shall then meet and confer concerning the issue within ten days from the date the challenge is made. If the parties cannot agree after they meet and confer, the non-challenging party may file a motion seeking a protective order concerning the specific discovery material, seeking to have the court designate it as confidential. That motion shall be filed no later than twenty-

6

Case 3:20-cv-00128-RJC-DSC   Document 18   Filed 06/17/20   Page 6 of 11

one days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

(d) If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated discovery material as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**7  Handling Confidential Discovery Material after Termination of Litigation.**

(a) Within sixty days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential discovery material

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the Court.

**8  Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

    (1) A party or non-party who discovers that it has inadvertently disclosed or produced protected discovery material must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived, and the receiving party or non-party must promptly return or destroy this

7
Case 3:20-cv-00128-RJC-DSC   Document 18   Filed 06/17/20   Page 7 of 11

discovery material, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The moving party shall seek to file the motion under seal, in accordance with the procedures contained in the Court's Local Civil Rules, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected discovery material must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Discovery Material. A party who is notified or discovers that it may have received protected discovery material must comply with Fed. R. Civ. P. 26(b)(5)(B).

**9    Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential discovery material disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**10** **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action.

**SO ORDERED**.

Signed: June 17, 2020

David S. Cayer
United States Magistrate Judge

AGREED TO:

By: */s/ Susan M. Rotkis*
Susan M. Rotkis
Price Law Group, APC
8245 North 85th Way
Scottsdale, AZ 85258
Tel: 818-600-5515
Fax: 866-401-1457
susan@pricelawgroup.com

*Counsel for Jorge Alberto Hernandez, Djurayeva Mukaddas, Sywia Cieplinski*

By: */s/ John C. Toro*

**KING & SPALDING LLP**

Antonio E. Lewis (N.C. Bar No. 35409)
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Tel: (704) 503-2600
Fax: (704) 503-2622
alewis@kslaw.com

John C. Toro*
Meryl W. Roper*
K. Paige Nobles*
Edward A. Bedard[#]
1180 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
jtoro@kslaw.com
mroper@kslaw.com
pnobles@kslaw.com
ebedard@kslaw.com

(*Admitted *pro hac vice*)
([#] *Pro hac vice* application forthcoming)

*Counsel for Equifax Information Services LLC*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JORGE ALBERTO HERNANDEZ, SYLWIA CIEPLINSKA, DJURAYEVA MUKADDAS,<br>    *on behalf of themselves and all others similarly situated,*<br><br>            Plaintiffs,<br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>            Defendant. | Case No.: **3:20-cv-00128-RJC-DSC** |

## EXHIBIT A

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

    I have read, and agree to be bound by, the protective order in the case captioned JORGE ALBERTO HERNANDEZ, SYLWIA CIEPLINSKA, DJURAYEVA MUKADDAS v. EQUIFAX INFORMATION SERVICES, LLC., Case No. 3:20-cv-00128-RJC-DSC in the United States District Court for the Western District of North Carolina. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                        _____
                                                                     Signature

                                                                   _____
                                                                   Printed Name