# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00128-RJC-DSC

| | |
|---|---|
| **JORGE ALBERTO HERNANDEZ, SYLWIA CIEPLINSKA and DJURAYEVA MUKADDAS,** *On behalf of themselves and all others similarly situated,* | ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **EQUIFAX INFORMATION SERVICES LLC,** | ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Judgment on the Pleadings filed June 16, 2020. Doc. 15. The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion for Judgment on the Pleadings be <u>granted</u>.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

This is an action seeking putative damages for violations of the Fair Credit Reporting Act (FCRA). Plaintiff Hernandez resides in Mecklenburg County, North Carolina. Plaintiffs Mukaddas and Cieplinska are residents of New York. Defendant Equifax is a Georgia limited liability company with its principle place of business in Atlanta. Accepting the factual

allegations of the Complaint as true, Plaintiffs each wrote Defendant to dispute information contained in their respective Equifax credit reports during 2019.

Defendant responded to Plaintiffs' letters and advised them that the Social Security Administration (SSA) reported their Social Security numbers as being associated with deceased persons. In fact, Defendant's algorithm had confused the Plaintiffs with other individuals. Defendant asked Plaintiffs to contact the SSA and provide a "Report of Confidential Social Security Benefit Information" form. When Plaintiffs contacted the SSA, the agency would not provide the report requested.

Defendant failed to conduct a re-investigation into Plaintiffs' disputes as required by the FCRA. The inaccurate information remains on each named Plaintiff's Equifax consumer report, thus harming their ability to obtain credit. Defendant had actual notice that its algorithm frequently combined information about different consumers, erroneously matching living individuals with deceased persons. Equifax has refused to process these disputes as required by Title 15, U.S. Code, Section 1681i.

On March 2, 2020, Plaintiffs filed this action in the Western District of North Carolina. Doc. 1. They allege that "[p]ersonal jurisdiction and venue is established by the presence of Mr. Hernandez and Equifax within the Eastern District of North Carolina [sic]." Doc. 1 at 2. On June 6, 2020 Defendant filed its Motion for Judgment on the Pleadings citing lack of personal jurisdiction under Federal Rule of Civil Procedure 12(c). Doc. 15.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but

within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed. R. Civ. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Indep. News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set

of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (alleging that government officials adopted a challenged policy "because of" its adverse effects on the protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." Id. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . ." Id.; see also Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 175, 180 (4th Cir. 2000) (explaining that while the court accepts plausible factual allegations

made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Iqbal at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### B. Personal Jurisdiction

The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay

Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Plaintiffs must show that the exercise of personal jurisdiction over a defendant complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id. (citing Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630 (N.C. 1977)). See also Thomas v. Centennial Communications Corp., No. 3:05CV495, 2006 U.S. Dist. LEXIS 92555, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915,

919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011).

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action arising from that defendant's activities in the forum state. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

As the Fourth Circuit has explained, "our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a "severe disadvantage" in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 568 U.S. 1087, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013).

In Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773 (2017), consumers brought a mass tort action against a prescription drug company in California state court. Id. at 1777. The Supreme Court held that the California state court did not have specific jurisdiction over the non-resident unnamed plaintiffs. Id. Bristol-Myers establishes that "the mere fact that

*other* plaintiffs" have established personal jurisdiction "does not allow the State to assert specific jurisdiction over the nonresidents' claims." Id. at 1776. However, the Court added that "since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1783-84.

The Seventh Circuit addressed the issue left open by the Supreme Court in Mussat v. IQVIA, Inc., 953 F.3d 441 (2020). Mussat concluded "that the principles announced in Bristol-Myers do not apply to the case of a nationwide class action filed in federal court under a federal statute." Id. at 443. But Mussat concerned a class action where personal jurisdiction was challenged for the *unnamed* plaintiffs' claims. In fact, Mussat clarifies, "the named representatives must be able to demonstrate either general or specific personal jurisdiction." Id. at 447. "If the court has personal jurisdiction over the defendant with respect to the class representative's claim, the case may proceed." Id. at 448.

Here, Plaintiffs failed to allege sufficient facts to establish personal jurisdiction over Defendant. In the Complaint, Plaintiffs state "[p]ersonal jurisdiction and venue is established by the presence of Mr. Hernandez and Equifax within the Eastern District of North Carolina [sic]." Doc. 1 at 2. That is insufficient to establish personal jurisdiction over Defendant as to the non-resident named Plaintiffs' claims.

Defendant is subject to general personal jurisdiction in Georgia, where its principle place of business is located and it is registered as a limited liability company. Defendant has a registered agent in North Carolina and regularly conducts business here. But "there is nothing that would distinguish [Equifax's] relationship with [North] Carolina from its relationship with any of the other states where it does business but where it is not [registered as a limited liability company]

or headquartered." Fidrych v. Marriot, Int'l Inc., 952 F.3d 124, 134 (4th Cir. 2020). Therefore, Plaintiffs have failed to allege sufficient facts to establish general personal jurisdiction over Defendant in North Carolina.

The named non-resident Plaintiffs do not claim to have suffered harm in North Carolina. The correspondence between the named non-resident Plaintiffs and Defendant took place between Georgia and New York. There is not a single allegation in the Complaint tying the events or circumstances underlying the named non-resident Plaintiffs' claims to North Carolina. Therefore, they have failed to allege sufficient facts to establish specific personal jurisdiction over Defendant in North Carolina.

The named non-resident Plaintiffs' personal jurisdiction arguments are based entirely upon: (1) Defendant's general business activity in North Carolina that has no connection to their claims; and (2) the fact that the Court has personal jurisdiction over Defendant with respect to Plaintiff Hernandez's claims. Those facts fail to establish either general or specific personal jurisdiction as a matter of law.

### III.  ORDER

Plaintiffs' Motions for jurisdictional discovery and to transfer venue are denied.

### IV.  RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant Equifax Information Services LLC's Motion for Judgment on the Pleadings," Doc. 15, be **GRANTED** without prejudice.

### V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written

objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: August 10, 2020

David S. Cayer
United States Magistrate Judge